**Electronically Filed
Supreme Court
SCPW-20-0000386
24-JUN-2020
09:48 AM**

SCPW-20-0000386

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

DISAPPEARED NEWS; THE HAWAIʻI INDEPENDENT;
and VICTOR GREGOR LIMON, Petitioners,

vs.

MAUI PLANNING COMMISSION; HEARINGS OFFICER of the Maui Planning
Commission for Docket No. SM1 2018/0011; and COUNTY OF MAUI,
Respondents,

and

BRE ICONIC GWR OWNER, LLC; MĀLAMA KAKANILUA; PELE DEFENSE FUND;
HOʻOPONOPONO O MĀKENA; and DIRECTOR OF THE DEPARTMENT OF PLANNING
OF THE COUNTY OF MAUI, COUNTY OF MAUI,
Respondents/Real Parties in Interest.

---

ORIGINAL PROCEEDING

ORDER DENYING WITHOUT PREJUDICE PETITION FOR WRIT OF MANDAMUS
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

On May 21, 2020, Petitioners filed a petition for writ

of mandamus in this original proceeding. On June 15, 2020, the

respondent Hearing Officer filed a letter of no response. Also

on June 15, 2020, answers were filed by Respondents Maui

Planning Commission and County of Maui ("Planning Commission");

Mālama Kakanilua, Pele Defense Fund, and Hoʻoponopono O Mākena; and BRE Iconic GWR Owner, LLC ("BRE"). Respondent Director of the Department of Planning, County of Maui ("Department of Planning") filed a joinder to the answer filed by the Planning Commission.

In Freitas v. Administrative Dir. of the Courts, 104 Hawaiʻi 483, 92 P.3d 993 (2004), the following was stated:

> "courts consistently have found a right of access to civil proceedings and *quasi-judicial administrative proceedings*." Detroit Free Press v. Ashcroft, 195 F.Supp.2d 937, 942 (E.D.Mich.2002) (emphasis added) (brackets and internal quotations omitted); see also Fitzgerald v. Hampton, 467 F.2d 755, 766 (D.C. Cir. 1972) (finding due process right of access by the public and press to Civil Service Commission hearing). The U.S. District Court in Detroit Free Press held that there was a right to a public deportation hearing, 195 F. Supp. 2d at 943-44, and the plaintiff newspaper agency had a First Amendment right of access to immigration deportation proceedings. Id. at 944. That court applied a strict scrutiny analysis in determining the propriety of closing the immigration proceedings. Id. at 946-47.

The parties appear to dispute the applicability of Freitas to the circumstances of this case. We do not address the applicability of Freitas and related law at this time. We note that representations in the email communications, which were attached to BRE's submission to this court, reflect discussions among the parties regarding the issue raised in the petition. The deputy corporation counsel representing the Department of Planning stated in an email that the Planning Department did not object to opening the proceedings to the public. The email

2

communications also appear to indicate that the Planning Department, BRE, and Intervenors agree that public access should be provided to the contested hearing by the Planning Commission. It appears that the parties generally favor arranging for livestream or alternative means for the public to observe the proceedings. We further note that the Planning Commission's answer contends that the Commission was not given an adequate opportunity to address Petitioners' request prior to the filing of the petition in this court and that "no denial of such right of public access has actually occurred."

Based on the record before this court, and the information and representations in the submissions, it therefore appears that, at this time, there may be an alternative means for Petitioners to seek the requested relief prior to the scheduled hearing. See Kema v. Gaddis, 91 Hawaiʻi 200, 204, 982 P.2d 334, 338 (1999) (a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action).[1] Accordingly, and under these circumstances,

---

[1] The Planning Commission's timely resolution of this issue does not depend on whether the parties are able to reach an agreement as to public access to the contested hearing.

3

IT IS HEREBY ORDERED that the petition for writ of mandamus is denied without prejudice.

DATED: Honolulu, Hawai'i, June 24, 2020.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson